THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* MICHAEL J. CAREY, Appellant.

*Opinion filed April 20, 1927.*

TAXES—*when record does not show objection was made to increase in valuation.* Where it is stipulated that the county collector has made a *prima facie* case for judgment for delinquent taxes, an objection that there was an increase in valuation without notice to the property owner is of no avail, where the record fails to show what the valuation was, the extent of the raise in the assessment, if any, or the amount of tax involved in the raise.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

GRACE & O'CONNELL, (WILLIAM J. GRACE, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered by the county court of Cook county against certain real estate of appellant, following a hearing before said court on the application by the county collector of Cook county for judgment and order of sale against real estate for delinquent taxes for the year 1925. Objections were filed by appellant to the application of the county collector.

While this case is argued by appellant upon the theory that the taxes in question had been levied upon a valuation increased by the board of review of Cook county over the assessed valuation of such property without a statutory notice of an application for such increase, the abstract in the case fails to show what objections were made in the county court, the abstract in this respect showing the word "objections," only. Prior to the hearing in the county court it was stipulated by the parties that the county collector had made a *prima facie* case to entitle him to judgment. It thereupon became necessary for the appellant to meet this *prima facie* case with evidence. While many pages of testimony were taken as to the custom of the board of review with reference to sending notices of complaints and its manner of hearing complaints and a work-sheet of the board was introduced in evidence, yet this work-sheet is not explained by any evidence, either in the abstract or the record, so as to render the same intelligible. It is not shown by any evidence in the case that the board of review made any change in the assessment roll with reference to the valuation of appellant's property. The evidence does not show what the valuation upon the assessment roll was, the extent of the raise in the assessment, if any, or the amount of the tax involved in the raise, if any. Definite proof on these points was necessary to meet the *prima facie* case made by appellee. The record failing to show such proof, the judgment of the county court must be affirmed.

*Judgment affirmed.*